David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
KAZEROUNI LAW GROUP, APC
301 E. Bethany Home Road, Ste. C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **Daniel Costa, individually and on behalf of others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Blue Raven Solar, LLC,**<br><br>Defendant. | **CASE NO.:**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR**<br>   1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.; AND**<br><br>   2. **VIOLATIONS OF FLORIDA STATUTE § 501.059**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff, Daniel Costa, brings this action against Defendant Blue Raven Solar, LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Florida Statute § 501.059.

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and Fla. Stat. § 501.059.

3. Defendant is a servicer of solar technology. In an attempt to solicit consumers, Defendant, either directly or through third party lead vendors, engages in telemarketing phone calls.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place

in the District of Utah.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

10.     Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant.   Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call-in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of CAFA diversity jurisdiction and CAFA jurisdiction are present.

11.     Venue is proper in the United States District Court for the District of

Utah pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's principal place of business is in Orem, Utah. Further, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services, as well as attempts to collect from consumers within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff originated from the State of Utah and, on information and belief, Defendant has made the same phone calls complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Utah.

## PARTIES

12. Plaintiff is a natural person residing in the City of Cayce, South Carolina.

13. Defendant is a company headquartered in Orem, Utah, conducting business in servicing solar technology.

## THE TCPA

14. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system **or artificial or prerecorded voice**; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

15. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). In other words, a person can violate the TCPA either by using an "automatic telephone dialing system" (an "autodialer") or by using an "artificial or prerecorded voice." *Mina v. Red Robin Int'l, Inc.*, Civil Action No. 20-cv-00612-RM-NYW, 2022 U.S. Dist. LEXIS 104423, at *7 (D. Colo. June 10, 2022)

16. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

17. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to

wireless numbers.  See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

18.  To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates."  In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

19. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  See Golan v. Veritas Entm't, LLC, 788 F.3d 814, 820 (8th Cir. 2015).

20.  "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services."  Golan, 788 F.3d at 820 (citing 47 C.F.R. §

64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

21. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

22. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

23. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

24. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff

alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" Van Patten v. Vertical Fitness Grp., No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

25.  Decades after the TCPA passed into law, it is still unfortunately the case that "[m]onth after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the [Federal Communications] Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

## GENERAL ALLEGATIONS

26.  At all times relevant, Plaintiff was an individual residing within the State of South Carolina.

27.  At all times relevant, Defendant conducted business in the State of Utah.

28.  Plaintiff's phone number at issue is used for residential purposes including personal calls to family and friends.

29. Plaintiff has been on the National Do Not Call Registry since approximately February 13, 2016.

30. Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C § 227(c)(3)(F).

31.  On or around June 30, 2022, Plaintiff received a call from the number 843-

502-7133 with a prerecorded voice. Plaintiff recognized it was a prerecorded voice because of the cadence of the caller's voice. When this number is called, it identifies the owner of the number as "solar project." Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Plaintiff answered the call but was disconnected.

32. On or around August 19, 2022 Plaintiff received a call from the number 864-668-5378. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Plaintiff rejected this call.

33. On or around August 22, 2022, Plaintiff received a call from the number 803-797-3951. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Plaintiff answered the call but was disconnected. Plaintiff called back and was connected to a prerecorded voice message made by Defendant's agent, Brian. Plaintiff is informed and believes it was a prerecorded voice call because of the robotic nature of the voice calling.

34. On or around August 25, 2022, Plaintiff received a call from the number 864-668-5396 with a prerecorded voice. Plaintiff recognized it was a prerecorded voice because of the cadence of the caller's voice. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Plaintiff was connected to Brian, before being transferred to Malena. Plaintiff arranged an appointment for August 26, 2022.

35. That same day, Plaintiff received a call from the number 801-820-4355. Upon information and belief, this number belongs to Defendant and/or Defendant's agent.

36. On or around August 26, 2022, Plaintiff received a text message from the number 833-261-2185. The text message contained a website: https://blueravensolar.aidaform.com/qualify_now. This website belongs to Defendant.

37. That same day, Plaintiff received a call from the number 810-609-8274 from Defendant. A live representative identified the caller as Defendant on this call.

38. Plaintiff received the phone calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant made other phone calls to individuals residing within this judicial district and throughout the United States.

39. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted. This is in violation of 47 U.S.C. § 227(a)(5).

40. Defendant's unsolicited phone calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

41. Defendant's phone calls also inconvenienced Plaintiff and caused disruption to his daily life.

42. Defendant's unsolicited phone calls caused Plaintiff actual harm.

Specifically, Plaintiff estimates that he spent numerous hours investigating the unwanted phone calls including how they obtained his number and who the Defendant was.

43. Furthermore, Defendant's phone calls took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited phone calls and voicemails like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

44. In a recent decision en banc by the Eleventh Circuit, the Court found that plaintiffs have a concrete injury under Article III with as little as one call or text from a defendant. *Drazen v Godaddy.com, LLC*, USCA11, Case No. 21-10199 (11th Cir. en banc July 24, 2023). The Eleventh Circuit specifically found:

> In sum, then, we hold that the harm associated with an unwanted text message shares a close relationship with the harm underlying the tort of intrusion upon seclusion. Both harms represent "an intrusion into peace and quiet in a realm that is private and personal." Id. at 462 n.1. For that reason, the harms are similar in kind, and the receipt of an unwanted text message causes a concrete injury. While an unwanted text message is insufficiently offensive to satisfy the common law's elements, Congress has used its lawmaking powers to recognize a lower quantum of injury necessary to bring a claim under the TCPA. As a result, the plaintiffs' harm "is smaller in degree rather than entirely absent." Hunstein, 48 F.4th at 1249.

# CLASS ALLEGATIONS

## PROPOSED CLASS

45. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on

    behalf of himself and all others similarly situated.

46. Plaintiff brings this case on behalf of the Classes defined as follows:

    The Federal TCPA DNC Class

    All persons within the United States who received two text
    messages within a 12 month period from Defendants to said
    person's telephone, and such person had previously included
    their name on the National Do Not Call Registry at least 31
    days prior to receiving Defendants first call, within the four
    years prior to the filing of this Complaint.

    The TCPA Prerecorded Voice Class

    All persons within the United States who received any
    solicitation/telemarketing phone calls from Defendant to said person's
    cellular telephone made through the use of an artificial or prerecorded voice
    call and such person had not previously consented to receiving such calls
    within the four years prior to the filing of this Complaint.

    The FTSA Recorded Voice Class

    All persons within the State of Florida who received any
    solicitation/telemarketing phone calls from Defendant to said person's
    cellular telephone with a recorded voice and such person had not previously
    consented to receiving such calls within the four years prior to the filing of
    this Complaint.

47. Defendant and its employees or agents are excluded from the Class. Plaintiff

    does not know the number of members in the Class but believes the Class

members number in the several thousands, if not more.

**NUMEROSITY**

48. Upon information and belief, Defendant has placed prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent as well as to persons whose numbers were on the national do-not-call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

49. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

50. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a pre-recorded voice;

(2) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones;

(3) Whether Defendant can meet its burden of showing that it obtained

prior express written consent to make such calls;

(4) Whether Plaintiff and the putative class members' numbers were on the national do-not-call registry at the time Defendant called them;

(5) Whether Defendant's conduct was knowing and willful;

(6) Whether Defendant is liable for damages, and the amount of such damages; and

(7) Whether Defendant should be enjoined from such conduct in the future.

55. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

56. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

57. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

58. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

59. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

///

///

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47. U.S.C. § 227(c)(5)
### (On Behalf of Plaintiff and the Class)

1. Plaintiff re-alleges and incorporates paragraphs 1-59 as if fully set forth herein.

2. Plaintiff brings this claim on behalf of all persons who have received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection. Plaintiff and the putative class may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State:

   a. an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

   b. an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

   c. both such actions.

3. Defendant – or third parties directed by Defendant sent text messages without consent to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the Class defined herein.

4. These calls were made without regard to whether or not Plaintiff or class members were on the National Do Not Call Registry. In fact, Defendant did

not have prior express consent to make calls to the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

5. Defendant has, therefore, violated § 227(c)(5) of the TCPA by making two or more calls to the phones of Plaintiff and the other members of the putative Class without their prior express written consent.

6. Defendant knew that it did not have prior express consent to send these text messages since Plaintiff was on the National Do-Not-Call Registry. The violations were therefore willful or knowing.

7. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

**COUNT II**
**VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(B)**
**(ON BEHALF OF PLAINTIFF AND THE CLASS)**

60. Plaintiff re-alleges and incorporates paragraphs 1-59 of this complaint as if fully set forth herein.

61. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-

recorded voice … to any telephone number assigned to a … cellular telephone service ….” 47 U.S.C. § 227(b)(1)(A)(iii).

62. Defendant – or third parties directed by Defendant – made non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined below using an artificial or prerecorded voice.

63. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

64. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using artificial or pre-recorded voice messages to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

65. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful and knowing.

66. As a result of Defendant’s conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

# COUNT III

## <u>VIOLATIONS OF FLA. STAT. § 501.059</u>

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

67. Plaintiff re-alleges and incorporates paragraphs 1-59 as if fully set forth herein.

68. Defendants – or third parties directed by Defendants – used a recorded voice to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class in violation of Fla. Stat § 501.059(8)(A).

69. Under Fla. Stat § 501.059(1)(G), prior consent includes the signature of the called party, the telephone of the called party, as well as clear authorization to the person making or allowing the telephonic sales call to make the call. Defendants did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when these telephonic sales calls were made. *Id.*

70. Defendants have, therefore, violated Fla. Stat § 501.059(8)(A) and Fla. Stat § 501.059(1)(G) by using pre-recorded voice messages to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

71. Defendants knew that it did not have prior express consent to make these calls and knew or should have known that it was using a recorded voice to make the calls. The violations were therefore willful or knowing.

72. As a result of Defendants conduct and pursuant to Fla. Stat § 501.059(10)(B), Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**WHEREFORE**, Plaintiff, on behalf of himself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and Florida Statute § 501.059;

b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to call message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages;

d. Treble damages for willful violations;

d. An order naming Plaintiff as the class representative;

e. An order naming Plaintiff's counsel as class counsel; and

d. Such further and other relief the Court deems reasonable and just.

///

///

///

///

88. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: April 11, 2024                          Respectfully submitted,

                                        BY: /S/ RYAN L. MCBRIDE_____

                                        RYAN L. MCBRIDE, ESQ.
                                        TRIAL COUNSEL FOR PLAINTIFF